UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

ALPHA CAPITAL ANSTALT,

                          Plaintiff,

                                                    **COMPLAINT**

        – against –

INTELLIPHARMACEUTICS
INTERNATIONAL INC., ISA ODIDI,
AMINA ODIDI, and ANDREW PATIENT,

                          Defendants.

--------------------------------------------------------x

          Plaintiff Alpha Capital Anstalt ("Alpha" or "Plaintiff"), by its undersigned counsel,

for its complaint as against defendants Intellipharmaceutics International Inc. ("IPCI" or the

"Company"), Isa Odidi, Amina Odidi, and Andrew Patient (collectively, Defendants") states as

follows:

## NATURE OF ACTION

          1.      This is an action brought pursuant to Sections 11, 12 and 15 of the Securities

Act of 1933 (the "Securities Act"), 15 U.S.C. §§77k, 77l(a)(2) and 77o, arising out of Plaintiff's

purchase of securities issued by the Company (the "IPCI Securities") in an October 2018 public

offering (the "Offering") conducted pursuant to a false and misleading Registration Statement and

Prospectus (the "Registration Statement").

## PARTIES

2.     Plaintiff Alpha Capital Anstalt is an entity organized under the laws of Liechtenstein, with an address at Lettstrasse 32, 9490, Vaduz, Liechtenstein.

3.     Defendant IPCI is a corporation organized and existing under the laws of Canada, with its principal place of business located at 30 Worcester Road, Toronto, Ontario, Canada, M9W 5W2.  IPCI describes itself as a "pharmaceutical company specializing in the research, development and manufacture of novel and generic controlled-release and targeted-release oral solid dosage drugs."  Shares of the common stock of ICPI are publicly traded on the NASDAQ and Toronto (TSX) stock markets under the symbol "IPCI."

4.     At all relevant times, defendant Isa Odidi was IPCI's Chief Executive Officer ("CEO") and Co-Chief Scientific Officer, and Chairman of the Company's Board of Directors.

5.     At all relevant times, defendant Amina Odidi was IPCI's President, Chief Operating Officer ("COO"), and Co-Chief Scientific Officer, and a member of the Company's Board of Directors.  Amina Odidi signed the Registration Statement.

6.     Defendant Andrew Patient ("Patient") was IPCI's Chief Financial Officer and a member of the Company's Board of Directors until his resignation, which was publicly announced on November 6, 2018, became effective on November 30, 2018.  Patient signed the Registration Statement.

## JURISDICTION AND VENUE

7.      Plaintiff's claims arise under Sections 11, 12 and 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§77k, 77l(a)(2) and 77o.

8.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and as conferred by §22 of the Securities Act, 15 U.S.C. §77v.

9.      Venue is proper in this District pursuant to 28 U.S.C. §1391 and §22 of the Securities Act, 15 U.S.C. §77v, because a substantial part of the events or omissions giving rise to this action occurred in this District, Defendants transact business in this District, and IPCI shares are listed and trade on the NASDAQ stock exchange in this District.  In addition, the IPCI Securities that are the subject of this litigation expressly provide that "all legal proceedings concerning the interpretation, enforcement and defense of [the] Warrant[s] shall be commenced in the state and federal courts sitting in the City of New York, Borough of Manhattan."

## STATEMENT OF FACTS

10.      On September 20, 2018, the Company filed a registration statement and prospectus in connection with the Offering on Form F-1 with the United States Securities and Exchange Commission ("SEC").  The registration statement and prospectus was subsequently amended several times, with the final amended registration statement filed on Form F-1/A with the SEC on October 11, 2018, and declared effective on October 12, 2018 (the "Registration Statement").

11.      In connection with the Offering, IPCI sold 2,775,231 shares of its common stock, pre-funded warrants exercisable for 16,563,335 common shares, at an exercise price of US$0.01 per share (the "Pre-Funded Warrants"), and warrants exercisable for 20,000,000 common

shares, at an exercise price of US$0.75 per share (the "Firm Warrants").  The securities were issued

in units (each, a "Unit") (collectively, the "IPCI Securities"), each consisting of either one common

share and one Firm Warrant or one Pre-Funded Warrant and one Firm Warrant, and were offered at

a public offering price of US$0.75 per Unit.

12.     As reflected in the Company's filings with the SEC, Defendant Isa Odidi, in

his capacity as the Chairman of the Company's Board of Directors and the Company's CEO and

Co-Chief Scientific Officer, signed the Registration Statement.

13.     As reflected in the Company's filings with the SEC, Defendant Amina Odidi,

in her capacity as the Company's COO and a member of the Company's Board of Directors, signed

the Registration Statement.

14.     As reflected in the Company's filings with the SEC, Defendant Andrew

Patient, in his capacity as the Company's CFO and a member of the Company's Board of Directors,

signed the Registration Statement.

15.     On or about October 1, 2018, a representative of H.C. Wainwright & Co.,

LLC ("Wainwright"), the Company's underwriter for the Offering, contacted Alpha's

representative to solicit an investment by Alpha in the IPCI Offering.

16.     As part of its due diligence with respect to the Offering, Alpha arranged for a

meeting with IPCI's senior management, including its CEO, Issa Odidi, and its CFO, Patient, at the

New York City offices of Alpha's service provider.  On October 9, 2018 (the agreed-upon date of

the meeting), however, Dr. Odidi did not show up, and Patient was the only attendee on behalf of

the Company.

17.     At the October 9, 2018 meeting, Patient made a presentation to Alpha

4

regarding the IPCI Offering and the Company.  At no time during the meeting did Patient disclose to Alpha and/or its representatives that he was resigning from his CFO position and leaving the Company before the year-end.

18.     On October 12, 2018, Alpha's representative emailed the underwriter, Wainwright, inquiring: "Who at the company can we send exercises to?"  In response, Alec Ludwig, an analyst at Wainwright, responded: "You can send exercises to Andrew Patient, CFO. Please find his contact details: APatient@intellipharmaceutics.com."

19.     On or about October 12, 2018, Alpha purchased, for settlement on October 20, 2018, 2,266,667 Units of IPCI Securities, consisting of Pre-Funded Warrants to purchase 2,266,667 shares of IPCI common stock and Firm Warrants to purchase 2,266,667 shares of IPCI common stock, for a total purchase price of approximately $1,677,333.00.

20.     Subsequent to its purchase of the IPCI Securities, Alpha learned that the Company's Registration Statement contained untrue statements of material fact and omitted to state material facts both required by governing regulations and necessary to make the statements made not inaccurate statements of material fact.

21.     Specifically, in accordance with the requirement of Regulation S-K, 17 C.F.R. 229.503 ("Item 503"), that the Risk Factor section of a Registration Statement contain a discussion of the most significant factors that make an offering risky or speculative and an adequate description of each such risk factor, IPCI's Registration Statement represented to investors that the "success of [IPCI's] business depends, in large part, on [its] continued ability to attract and retain highly qualified management, scientific, manufacturing and sales and marketing personnel."

22.     In addition, in the "Management" section of the Registration Statement, IPCI

provided a chart that described Patient as the Company's Chief Financial Officer "since" September

2017.  In the biographical paragraph included thereafter, the Company further stated:

> Andrew Patient has served as the Chief Financial Officer of the
> company since September 2017.  Mr. Patient has more than 20
> years' experience with both Nasdaq- and TSX- listed companies,
> and has deep expertise in all facets of business, including
> operations, trade, finance, regulatory and business development,
> both nationally and internationally.

23.      In the "Employment Agreements" section of the Registration Statement, the

Company, in pertinent part, stated:  "The Employment Agreement with Andrew Patient, the Chief

Financial Officer of the Company, dated August 30, 2017, effective September 6, 2017, entitles Mr.

Patient to receive a base salary of C$300,000 per year . . . [and] provides for "automatic renewal on

December 31 each year from year to year in absence of notice of termination from the Company at

least 90 days prior to the end of the then applicable term."

24.      Notwithstanding the Registration Statement's inclusion of language

highlighting the risk that the Company might not be able to "retain highly qualified management,"

its representation to investors that Patient had been serving as the Company's Chief Financial

Officer "since" September 2017, and its disclosure that Patient had an employment agreement that,

absent 90-day notice, provided for "automatic renewal" on December 31, 2018, the Registration

Statement failed to disclose that Patient was resigning as CFO and leaving IPCI before year-end.

25.      On or about November 6, 2018, approximately three weeks after the closing

of the Offering, IPCI filed a Form 6-K with the SEC announcing the resignation of its CFO, Patient,

effective November 30, 2018.

26.      Immediately after the November 6, 2018 announcement of Patient's

resignation, the market price of a share of IPCI common stock dropped from $0.58 to $0.53, a decline of approximately 9%.

27.     Blindsided by the Company's announcement of Patient's resignation and damaged by the subsequent decline in the market price of the Company's stock, on or about November 30, 2018, Ari Kluger, a representative of Alpha's service provider, telephoned the Company's CEO, Isa Odidi, to request more details as to the circumstances of the CFO's departure. On that call, Isa Odidi acknowledged to Kluger that, by the date of the Offering, the Company already knew that Patient would be resigning as CFO and leaving the Company before the year-end.

28.     The Company's failure to announce Patient's already-known impending departure in the Registration Statement was a material nondisclosure that breached the Company's obligations under the federal securities laws.  Indeed, the resignation of the senior executive financial officer of a public company is a highly important development that would unquestionably be considered significant to the reasonable investor.  Such a resignation could very well have materially negative implications with respect to the Company's financial health and results, as well as give rise to market concerns as to the propriety of the Company's accounting and the accuracy of its financial statements.

29.     The Company itself effectively acknowledged the materiality of Patient's departure by making a filing on Form 6-K, dated November 6, 2018, with the SEC, announcing the CFO's resignation.

30.     None of the Defendants made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statements were true and without omissions of any material facts and were not misleading.

31.     By providing details as to CFO Patient's expertise, tenure and employment contract with the Company and warning that the "success of [IPCI's] business depends, in large part, on [its] continued ability to attract and retain highly qualified management," without disclosing that Patient would shortly be resigning as CFO and leaving the Company, and that such risk had, in fact, already materialized at the time of the Offering, the Registration Statement was false and misleading and thus negligently prepared.

**COUNT I**
**Violation of Section 11 of the Securities Act**
**15 U.S.C. §77k**
**(Against All Defendants)**

32.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 31 as if set forth fully herein.

33.     This Count is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. §77k, against each of the Defendants.

34.     Plaintiff acquired IPCI Securities traceable to the Registration Statement.

35.     At the time of the purchase of the IPCI Securities, Plaintiff was without knowledge of the facts concerning the conduct alleged herein and could not have reasonably discovered those facts prior to the disclosures herein.  Less than one year has elapsed from the time that Plaintiff discovered or reasonably could have discovered the facts upon which this Complaint is based to the time that Plaintiff commenced this action.  Less than three years has elapsed between the time that the IPCI Securities upon which this Count is brought were offered to the public and the time Plaintiff commenced this action.

36.     As set forth above, the Registration Statement contained untrue statements of

8

material facts, omitted to state facts necessary to make the statements made not inaccurate

statements of material fact, and omitted to state material facts required to be stated therein.

37.     IPCI was the registrant for the Offering.  As the issuer of the Units of its

Securities, IPCI is strictly liable to Plaintiff for the materially inaccurate statements in the

Registration Statement and the failure of the Registration Statement to be complete and disclose the

material information required pursuant to the regulations governing its preparation.

38.     Defendant Isa Odidi, acting in his capacity as the Chairman of the

Company's Board of Directors and CEO and Co-Chief Scientific Officer of the Company, signed

the Registration Statement and caused its issuance.  Isa Odidi had a duty to make a reasonable and

diligent investigation of the truthfulness and accuracy of the statements contained in the

Registration Statements, to ensure that such statements were true and accurate, and that there were

no omissions of material facts that would make the statements in the Registration Statements

inaccurate.  By virtue of his failure to exercise reasonable care, the Registration Statement

contained inaccurate misrepresentations and/or omissions of material fact.  As such, Defendant Isa

Odidi is strictly liable to Plaintiff.

39.     Defendant Amina Odidi, acting as the Company's Chief Operating Officer

and as a member of the Board of Directors of the Company, signed the Registration Statement and

caused its issuance.  Amina Odidi had a duty to make a reasonable and diligent investigation of the

truthfulness and accuracy of the statements contained in the Registration Statement, to ensure that

such statements were true and accurate, and that there were no omissions of material facts that

would make the statements in the Registration Statement inaccurate.  By virtue of her failure to

exercise reasonable care, the Registration Statement contained inaccurate misrepresentations and/or

omissions of material fact.  As such, Defendant Amina Odidi is strictly liable to Plaintiff.

40.     Defendant Andrew Patient, acting as the Company's CFO and as a member

of the Board of Directors of the Company, signed the Registration Statement and caused its

issuance.  Patient had a duty to make a reasonable and diligent investigation of the truthfulness and

accuracy of the statements contained in the Registration Statement, to ensure that such statements

were true and accurate, and that there were no omissions of material facts that would make the

statements in the Registration Statement inaccurate.  By virtue of his failure to exercise reasonable

care, the Registration Statement contained inaccurate misrepresentations and/or omissions of

material fact.  As such, Defendant Patient is strictly liable to Plaintiff.

41.     By reasons of the conduct herein alleged, Defendants violated §11 of the

Securities Act, 15 U.S.C. §77k.

42.     As a result of Defendants' violations, the value of the IPCI Securities

purchased by Alpha has declined and Plaintiff has sustained damages.

## COUNT II
### (Violation of Section 12(a)(2) of the Securities Act)
### (15 U.S.C. §77l(a)(2))
### (Against Defendants IPCI, Isa Odidi, and Patient)

43.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1

through 31 as if set forth fully herein.

44.     This Count is brought pursuant to §12(a)(2) of the Securities Act, 15 U.S.C.

§77l(a)(2), on behalf of Plaintiff against Defendants IPCI, Isa Odidi and Patient.

45.     Defendants IPCI, Isa Odidi, and Patient were sellers and offerors and/or

solicitors of purchasers of the IPCI Securities offered pursuant to the Registration Statement.  The

Registration Statement contained a Prospectus that was used to induce investors, such as Plaintiff,

to purchase the Securities offered by ICPI.

46.     As set forth above, the Registration Statement contained untrue statements of

material fact, omitted to state other facts necessary to make the statements made therein not

misleading and omitted to state material facts required to be stated therein.  Defendant IPCI's, Isa

Odidi's and Patient's actions of solicitation with respect to the Offering included preparing the

defective and inaccurate Registration Statement, signing the Registration Statement and

participating in efforts to market the Offering to investors, including Plaintiff.

47.     Defendants IPCI, Isa Odidi, and Patient owed the purchasers of IPCI

Securities, including Plaintiff, the duty to make a reasonable and diligent investigation of the

statements contained in the Registration Statement and to ensure that such statements were accurate

and that they did not contain any misstatement or omission of material fact.  Defendants IPCI, Isa

Odidi, and Patient, in the exercise of reasonable care, should have known that the Registration

Statement contained misstatements and omissions of material fact.

48.     Plaintiff purchased IPCI Securities pursuant to the Registration Statement

and Plaintiff never knew, or in the exercise of reasonable diligence could not have known, of the

untruths, inaccuracies and omissions contained in the Registration Statement.

49.     By reason of the conduct alleged herein, Defendants IPCI, Isa Odidi and

Patient violated §12(a)(2) of the Securities Act.  Accordingly, Plaintiff hereby offers to tender to

said Defendants the Units of IPCI Securities purchased in the Offering that have not been sold to

date in return for the consideration paid for those Units together with interest thereon, and seeks an

award of monetary damages with respect to those IPCI Securities purchased in the Offering that are

no longer held by Alpha.

**COUNT III**
**(Violation of Section 15 of the Securities Act)**
**(15 U.S.C. §77o)**
**(Against Defendants Isa Odidi, Amina Odidi, and Patient)**

50.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 31 as if set forth fully herein.

51.     This Count is brought pursuant to §15 of the Securities Act, 15 U.S.C. §§77o, on behalf of Plaintiff against Isa Odidi, Amina Odidi, and Patient.

52.     Isa Odidi, Amina Odidi, and Patient, by virtue of each of their offices, directorships and/or specific acts, was, at the time of the wrongs alleged herein, controlling persons of IPCI within the meaning of Section 15 of the Securities Act.  Having signed the Registration Statement, Isa Odidi, Amina Odidi, and Patient all had the power and influence and exercised the same to cause IPCI to engage in the acts described herein.

53.     By reason of the conduct alleged herein, Defendants Isa Odidi, Amina Odidi, and Patient violated §15 of the Securities Act and are liable for the aforesaid wrongful conduct and are liable to Plaintiff for damages suffered.

WHEREFORE, Plaintiff demands that this Court enter judgment in its favor as follows:

A)  on Count I, awarding money damages in favor of Plaintiff against all Defendants, jointly and severally, in an amount to be proven at trial, including interest hereon;

B)  on Count II, awarding Plaintiff rescission of its purchase of the IPCI Securities against Defendants IPCI, Isa Odidi, and Patient, jointly and severally, or a rescissionary measure of

damages against Defendants IPCI, Isa Odidi, and Patient, jointly and severally, in an amount to be proven at trial, including interest thereon;

C)  on Count III, awarding Plaintiff rescission of its purchase of the IPCI Securities against Defendants Isa Odidi, Amina Odidi, and Patient, or a rescissionary measure of damages in favor of Plaintiff against Defendants Isa Odidi, Amina Odidi, and Patient, jointly and severally, in an amount to be proven at trial, including interest thereon;

D)  awarding Plaintiff its reasonable costs and expenses incurred in this action, including attorneys' fees; and

E)  such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated:  New York, New York
          October 7, 2019

HOFFNER PLLC

By:  */s/David S. Hoffner*
       800 Third Avenue, 13th Floor
       New York, NY 10022
       Tele: (212) 471.6203
       Fax: (212) 935.1166
       Email: hoffner@hoffnerpllc.com
       Attorneys for Plaintiff
       *Alpha Capital Anstalt*