UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
:
ALPHA CAPITAL ANSTALT, :
:
:
:
Plaintiff, :
:
:
-against- :
: Case No. 19-cv-09270 (DLC)
INTELLIPHARMACEUTICS :
INTERNATIONAL INC., ISA ODIDI, :
AMINA ODIDI, and ANDREW PATIENT, :
:
:
:
Defendants. :
:
:
------------------------------------------------------------- x

**STIPULATION AND [PROPOSED] CONFIDENTIALITY AND PROTECTIVE ORDER**

      This matter comes before the Court in the above-captioned case by stipulation of Plaintiff Alpha Capital Anstalt and Defendants Intellipharmaceutics International, Inc, Dr. Isa Odidi, Dr. Amina Odidi and Mr. Andrew Patient, in their own right (collectively "Defendants", and together with the Plaintiff, the "Parties") for the entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502(d) of the Federal Rules of Evidence, limiting the review, copying, dissemination, and filing of confidential and/or proprietary documents and information to be produced by the Parties or their respective counsel, or by any non-party, in the course of discovery in these matters to the extent set forth below (the "Stipulation").  Having found that the Parties, by, between, and among their respective counsel, have stipulated and agreed to the terms set forth herein, and good causing having been shown,

      IT IS ORDERED that:

1. This Stipulation is being entered into to facilitate the production, exchange, and discovery of documents and information that the Parties agree merit confidential treatment. This Stipulation shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admission, responses to requests for production, and any other information or material produced, given or exchanged by and among the Parties and any non-parties in the above-captioned action (the "Litigation") in connection with discovery in the Litigation (such information or material hereinafter referred to as "Discovery Material"). All Discovery Material shall be used solely for the purpose of conducting this Litigation and not for any other purpose whatsoever.

2. A Producing Party (as the term is defined below) may designate Discovery Material in connection with this Litigation as "CONFIDENTIAL" either by notation on the document, statement on the record of the deposition, written notice to counsel for the Parties hereto, or by other appropriate means. In the case of documents produced in native, electronic form, the confidentiality can be designated on the placeholder sheet produced along with that document, or in a confidentiality metadata field. A Producing Party (as defined below) who designates any Discovery Material "CONFIDENTIAL" bears the burden of establishing the "CONFIDENTIAL" status of such Discovery Material in any situation in which the designation is at issue, and nothing in this Order shall be construed to alter such burden.

3. As used herein:

   (a) "Confidential Information" shall mean all Discovery Material, and all information contained therein, and other information designated as "CONFIDENTIAL," that the Producing Party (as defined below) reasonably and in good faith believes constitutes

and/or contains any trade secret or other confidential non-public research, design, development, financial or commercial information, as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G) and any applicable case law interpreting Federal Rule of Civil Procedure 26(c)(1)(G).

(b) "Document" shall have the meaning assigned in Local Rule 26.3, and shall also include any recorded form of information, whether in printed, electronic, or other format, including deposition transcripts, answers to interrogatories, and other discovery requests and responses.

(c) "Producing Party" shall mean the Party to this Litigation who gives testimony or produces documents or other materials containing Confidential Information and/or any non-party producing or giving testimony concerning Confidential Information in connection with discovery in this Litigation, or the Party asserting the confidentiality designation, as the case may be.

(d) "Receiving Party" shall mean the Party to this Litigation and/or any non-party receiving Confidential Information in connection with discovery in this Litigation.

4. The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of Discovery Material as Confidential Information. The Parties shall meet and confer in good faith regarding any such disagreement over the classification of Discovery Material and if the Producing Party does not agree to change the designation of such Discovery Material, the Receiving Party may move the Court for an order removing the designation of such Discovery Material as Confidential Information. Upon such a motion, the Producing Party shall bear the burden to prove that the Discovery Material in question is Confidential Information. If such a motion is filed, the Discovery

Material shall be deemed Confidential Information, with the same confidentiality designation as asserted by the Producing Party, unless and until the Court rules otherwise.

5. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

   (a) counsel for the Parties to this Litigation and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this Litigation for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised of their obligations hereunder;

   (b) expert witnesses or consultants who are employed or retained by a Party in connection with the prosecution or defense of this Litigation, and members of the expert witnesses' or consultants' staff working under the expert witnesses' or consultants' supervision, provided, however, that such Confidential Information is furnished, shown or disclosed to them in accordance with Paragraph 7 hereof;

   (c) third-party vendors or consultants retained by the Parties or their counsel to furnish technical services in connection with this Litigation and who have been advised of their obligations hereunder;

   (d) the Court and court personnel, if filed in accordance with Paragraph 14 hereof;

   (e) an officer before whom a deposition is taken, including stenographic reporters, videographers and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with Paragraph 10(a)-(b) hereof;

   (f) trial and deposition witnesses, if furnished, shown or disclosed in accordance with Paragraphs 9 and 01(a)-(b), respectively, hereof;

   (g) personnel of the Parties actually engaged in assisting in the preparation of this Litigation for trial or other proceeding herein and who have been advised of their obligations hereunder;

   (h) former personnel of the Parties actually engaged in assisting in the preparation of this Litigation for trial or other proceeding herein provided, however, that such Confidential Information is furnished, shown or disclosed to them in accordance with Paragraph 6 hereof;

   (i) any mediator or arbitrator engaged by the Parties to this Litigation;

    (j)  the insurers and reinsurers of the Parties to this Litigation, and counsel to such insurers and reinsurers as necessary for the prosecution or defense of this Litigation; and

    (k) any other person agreed to by the Parties.

6. Before any disclosure of Confidential Information is made pursuant to Paragraphs 5(b) or 5(h) hereof, counsel for the Receiving Party shall obtain from the intended recipient of the Confidential Information such person's written undertaking, in the form of Exhibit A attached hereto, to comply with and be bound by its terms.

7. Confidential Information shall be utilized by the Receiving Party only for purposes of this Litigation, or the enforcement of insurance rights with respect to this Litigation, and for no other purposes.

8. All depositions shall presumptively be treated as Confidential Information subject to this Stipulation during the deposition and until twenty-one (21) days after the final transcript of said deposition is received by counsel for each of the Parties, unless otherwise specified in writing or on the record of the deposition by the Producing Party.  At or before the end of such twenty-one (21) day period, the deposition, or pages thereof, may be designated for future purposes as Confidential Information by any Party or, where applicable, by the non-party providing the deposition testimony.

9. Should the need arise for any of the Parties to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party may do so only after taking such steps as the Court shall deem necessary to preserve the confidentiality of such Confidential Information.

10. This Stipulation shall not preclude counsel for the Parties from using Confidential Information during any deposition in this Litigation, provided that prior to any such use, the Party intending to use Confidential Information shall: (a) provide a copy of this

Stipulation to the witness, and others to whom disclosure is intended to be made; (b) explain the Stipulation to said persons and/or cause them to read the Stipulation; and (c) obtain from said persons properly executed undertakings, in the form of Exhibit A attached hereto, if such persons are not covered by Paragraph 6 of this Stipulation. Should any deponent refuse to execute the undertaking before or at the deposition, counsel for the Parties may still use the Confidential Information during the deposition, and the Parties agree that the use of such Confidential Information during the deposition shall not negate its treatment as Confidential Information pursuant to this Stipulation. Counsel shall retain copies of the signed "Exhibit A" forms until the termination of this Litigation. The Parties shall act in good faith to eliminate, whenever possible, the expenditure of "on the record" time to effectuate or confirm compliance with this paragraph at any deposition.

11. A Party may designate as Confidential Information any Discovery Material produced or given by any non-party to this case, or any portion thereof. In the case of documents, designation shall be made by notifying all counsel, in writing, of those documents that are to be stamped and treated as Confidential Information at any time up to thirty (30) days after actual receipt of copies of those documents by counsel for the Party asserting the confidentiality designation. Prior to the expiration of such thirty (30) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Information. In the case of testimony, designation shall be made by notifying all counsel, in writing, of those portions of a transcript which are to be stamped or otherwise treated as Confidential Information at any time up to thirty (30) days after the final transcript is received by counsel for the Party asserting the confidentiality designation.

12. As to the filing of Discovery Material that has previously been designated as comprising or containing Confidential Information, any Receiving Party who seeks to file with the Court any Discovery Material that has previously been designated by any Producing Party as comprising or containing Confidential Information, and any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Information, shall either (a) obtain the Producing Party's permission to remove the confidentiality designation for the Confidential Information, or (b) obtain leave of the Court to file the Discovery Material under seal. The sealing request shall include (1) one full set of the documents with the words, phrases, or paragraphs to be redacted highlighted, and; (2) one partial set of solely those pages on which the party seeks to redact material. If leave is granted, Parties shall file redacted copies with the Clerk of Court. The Parties shall use their best efforts to minimize such sealing.  The Parties will comply with Federal Rule of Civil Procedure 5.2 pertaining to redacted filings and shall refrain from including, or shall partially redact where inclusion is necessary, personal data identifiers from all documents filed with the Court or used as exhibits in any hearing or at trial, unless otherwise ordered by the Court. In the event that any "CONFIDENTIAL" material is filed, such material, and any pleadings, motions or other papers filed with the Court disclosing any such material, shall be filed in compliance with Federal Rule of Civil Procedure 26(c).

13. Any person receiving Confidential Information shall not reveal or discuss such information with any person not entitled to receive such information under the terms hereof.

14. The recipient of any "CONFIDENTIAL" material that is provided under this Order shall maintain such material in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such

material as is exercised by the recipient with respect to its own proprietary material. "CONFIDENTIAL" material shall not be copied, reproduced, summarized, extracted or abstracted, except to the extent that such copying, reproduction, summarization, extraction or abstraction is reasonably necessary for the conduct of this Litigation. All such copies, reproductions, summarizations, extractions, and abstractions shall be subject to the terms of the Order and labeled in the same manner as the designated material on which they are based.

15. The production or disclosure of Confidential Information shall in no way constitute a waiver of each Party's right to object to the production or disclosure of other information in this Litigation or in any other action.

16. To the maximum extent permitted by law, the undersigned agree, and the Court orders, that the production of documents by a Producing Party shall be governed by Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502 regarding production of documents, electronically stored information, or information protected by the attorney-client privilege, the work product doctrine, or any other privilege or protection from disclosure recognized under applicable law. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502.

17. The procedure set forth below is intended to provide the Producing Party or any other party purporting to hold a privilege with an efficient method for retrieving or "clawing back" Confidential Information that has been produced, subject to any resolution of any dispute over the privileged or protected status of the Confidential Information, and for foreclosing any arguments of waiver.

18. A Producing Party's disclosure in connection with this Litigation of one or more documents that such Producing Party believes constitute, contain or reflect information otherwise protected by the attorney-client privilege, the common interest privilege, the work product doctrine or any other privilege or immunity from discovery ("Privileged Documents"), shall not constitute a waiver with respect to such Privileged Documents or generally of such privilege or immunity.  If a Receiving Party receives materials that appear to be subject to an attorney-client privilege, the common interest privilege, or otherwise protected by a discovery privilege or immunity, the Receiving Party must refrain from further use or examination of the materials that may be privileged, and shall immediately notify the Producing Party, in writing, that he or she possesses material that appears to be privileged.  In the event a Producing Party discovers it has disclosed Privileged Documents, the Producing Party may provide notice to the other Parties advising of the disclosure and requesting return or destruction of the Privileged Documents.  Upon such notice, the Receiving Party shall make no further use or examination of the Privileged Documents and shall immediately segregate them in a manner that will prevent further disclosure or dissemination of their contents, and, within ten (l0) days of receiving such notice of production of Privileged Documents, the Receiving Party shall destroy or return all original documents identified by the Producing Party in such notice (whether electronic or hard copy), shall destroy or delete any and all copies (whether electronic or hard copy), and shall expunge from any other document, information or material derived from the produced Privileged Documents.  To the extent the Receiving Party provided any disclosed Privileged Documents to any other person or non-party, the Receiving Party shall promptly make reasonable efforts to retrieve and destroy such Privileged Documents and notify the

Producing Party that it has done so. The party clawing back the produced Privileged Documents will provide the Receiving Party with a privilege log that reasonably identifies the basis for the assertion of privilege.

19. If, based on (1) the privilege log entries provided to the Receiving Party by the Producing Party, or (2) the Receiving Party's review of documents that occurred prior to the assertion of privilege and claw-back, there is a dispute over whether the clawed back documents at issue are protected from disclosure by virtue of a privilege or immunity from discovery, the original documents shall nevertheless be immediately destroyed or returned to the Producing Party along with all copies (whether electronic or hard copy) thereof. All counsel shall undertake reasonable efforts to resolve the issue of whether the documents are privileged without court intervention. To the extent counsel cannot resolve the issue, the Receiving Party may bring a motion to compel production of the Privileged Documents, but may not assert as a ground for compelling production the fact or circumstance that the Privileged Documents had already been produced. In conjunction with such a motion, the Receiving Party may request the Court review *in camera* the clawed back documents at issue, and, if the Court so orders, the Producing Party shall provide the Privileged Documents under seal to the Court for *in-camera* review. In the event of a motion to compel production of the Privileged Documents, the burden is on the Producing Party to provide, in its opposition to the motion to compel, information regarding the content and context of the Privileged Documents sufficient to establish the applicability of any asserted privilege or immunity from discovery.

20. If a Receiving Party learns that, by inadvertence or otherwise, it disclosed Confidential Information it has received from a Producing Party to any person or in any circumstance

not authorized under this Order, the Receiving Party must promptly, after discovery of the disclosure, (a) notify the relevant Producing Party in writing of the unauthorized disclosure(s) and the identity of such persons(s) to whom Confidential Information was disclosed, (b) make reasonable efforts to retrieve all copies of the Discovery Material containing Confidential Information from the person or persons to whom unauthorized disclosures were made (the "Unauthorized Recipient(s)"), (c) inform the Unauthorized Recipient(s) of all the terms of this Stipulation, and (d) request the Unauthorized Recipient(s) to execute the undertaking attached hereto as Exhibit A.

21. The provisions of this Stipulation shall be binding upon the Parties. All modifications of, waivers of and amendments to this Stipulation must be in writing and signed by, or on behalf of, the Parties.

22. This Stipulation is entered into without prejudice to the right of any Party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure or other applicable law.

23. This Stipulation may be changed by further order of this Court, and without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

24. In the event that additional Parties join or are joined in this Litigation, they shall not have access to Confidential Information until the newly joined Party, by its counsel, has executed and filed with the Court its agreement to be fully bound by this Stipulation.

25. The Parties agree to be bound by the terms of this Stipulation pending the entry by the Court of this Stipulation, and any violation of its terms shall be subject to the same penalties and sanctions, as if this Stipulation had been entered by the Court.

26. If any Receiving Party is subpoenaed in any other action or proceeding, is served with a document demand or is otherwise compelled by law to produce documents (collectively, a "Demand"), and such Demand seeks Discovery Material that was produced or designated as Confidential Information, or that reflects or contains Confidential Information, by someone other than the Receiving Party, the Receiving Party shall give prompt written notice by hand or electronic or facsimile transmission, within ten (10) business days of receipt of such Demand, to the Party or its counsel who produced or designated the material as Confidential Information.  The Receiving Party shall not produce any of the Producing Party's Confidential Information, unless court-ordered or otherwise required by law, for a period of at least ten (10) days after providing the required notice to the Producing Party. If, within ten (10) days of receiving such notice, the Producing Party gives notice to the Receiving Party that the Producing Party opposes production of its Confidential Information, the Receiving Party shall object, citing this Stipulation, and not thereafter produce such Confidential Information, except as required by law.  The Producing Party shall be solely responsible for pursuing any objection to the requested production.  Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Stipulation to challenge or appeal any order requiring production of Confidential Information covered by this Stipulation, or to subject itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.  In the event that Confidential Information is produced to a non-party to this Stipulation in

response to a Demand, such Discovery Material shall continue to be treated in accordance with the designation as Confidential by the Parties to this Stipulation.

27. To the extent a Receiving Party is required to disclose Confidential Information produced in the Litigation, without a subpoena or other form of legal process, by a regulatory or supervisory agency exercising its visitorial powers pursuant to 12 U.S.C. § 484 and/or 12 C.F.R. § 7.4000 ("Regulatory Demand") and compliance with the Regulatory Demand renders the Party unable to comply Paragraph 26 hereof, the Party may comply with the Regulatory Demand and shall give prompt written notice by hand or electronic or facsimile transmission as soon as is practicable following receipt of the Regulatory Demand and no later than the time at which the Party produces the Confidential Information in response to the Regulatory Demand.

28. Any Party, in conducting discovery from non-parties in connection with the Litigation, shall provide any non-party from which it seeks discovery with a copy of this Order so as to inform each such non-party of his, her or its rights herein.  If a non-party provides discovery to any Party in connection with the Litigation, the provisions of this Order shall apply to such discovery as if such discovery were being provided by a Party.  Under such circumstances, the non-party shall have the same rights and obligations under the Order as held by the Parties.  For the avoidance of doubt, non-parties may designate Discovery Material as Confidential Information pursuant to Paragraph 3(a) as set forth herein.

29. This Stipulation shall continue to be binding after the conclusion of this Litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal and never unsealed); and (b) that a Party may seek the

written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Stipulation.

30. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

31. Within ninety (90) days after the final termination of this Litigation by settlement (including, to the extent applicable, final court approval of such settlement) or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party, which option shall be communicated in writing to the Receiving Party promptly.  In the event that any Producing Party opts for destruction of its Confidential Information, the Receiving Party shall certify, in writing, within ninety (90) days of the final termination of this Litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. For the avoidance of doubt, experts, third-party vendors and consultants who have received Confidential Information shall also be required to return or destroy such Confidential Information pursuant to the terms of this paragraph.

32. Except as specifically provided herein, the terms, conditions, and limitations of this Order shall survive the termination of this Litigation.

```
The parties are directed to the Court's Individual Practices for
instructions on filing documents under seal.
Dated: August 19, 2020
```

_____
DENISE COTE
United States District Judge

DATED: **Aug. 18**, 2020

WOLLMUTH MAHER & DEUTSCH LLP

By: _____
    Steven S. Fitzgerald

WOLLMUTH MAHER & DEUTSCH LLP
Steven S. Fitzgerald
Chloe S. Booth
500 Fifth Avenue, 12th Floor
New York, NY 10110
(212) 382-3300; (212) 382-3300 (fax)
sfitzgerald@wmd-law.com
cbooth@wmd-law.com

*Attorneys for Defendants*

HOFFNER PLLC

By: _____
    David S. Hoffner

HOFFNER PLLC
David S. Hoffner
800 Third Avenue, 13th Floor
New York, NY 10022
(226) 471-6203; (212) 935-5012 (fax)
hoffner@hoffnerpllc.com

*Attorneys for Plaintiff Alpha Capital Anstalt*

15

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
ALPHA CAPITAL ANSTALT, :
:
:
:
Plaintiff, :
:
-against- :
: Case No. 19-cv-09270 (DLC)
INTELLIPHARMACEUTICS :
INTERNATIONAL INC., ISA ODIDI, :
AMINA ODIDI, and ANDREW PATIENT, :
:
:
:
Defendants. :
:
:
---------------------------------------------------------------x

## UNDERTAKING FOR THE USE OF CONFIDENTIAL INFORMATION

I, _____, state that:

1. My business address is _____

2. My present employer is _____

3. My present occupation or job description is _____

4. I have received a copy of the Stipulation and Confidentiality and Protective Order (the "Stipulation") entered in the above-entitled consolidated actions (the "Litigation") on _____.

5. I have carefully read and understand the provisions of the Stipulation.

6. I will comply with all of the provisions of the Stipulation.

7.      I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this Litigation, any Confidential Information that is disclosed to me.

8.      At the conclusion of my work on this matter, I will return or destroy, to the extent permitted by law, all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the Party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

9.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulation in this Litigation.


Dated: _____        By: _____

**<u>ORDER</u>**

IT IS SO ORDERED.

DATED: _____   _____
                                    HONORABLE DENISE L. COTE
                                    UNITED STATES DISTRICT JUDGE